UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DALE M. BATES,

                                        Plaintiff,

         v.                                                    Civil Action No. _____

I.C. SYSTEM, INC.,

                                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3.  That the Plaintiff's causes of action under the TCPA are predicated upon the same facts and circumstances that give rise to their Federal cause of action.  As such, this Court has supplemental jurisdiction over the Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5.  Plaintiff Dale M. Bates is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6.  Defendant I.C. System, Inc., (hereinafter "IC") is a corporation organized and existing under the laws of the State of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7.  Defendant regularly attempts to collect debts alleged to be due another.

8.  That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C. §153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C. §153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff incurred a credit card debt to Washington Mutual.  This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff thereafter defaulted on the subject debt.

20. That upon information and belief Defendant was employed by Washington Mutual to collect on the subject debt.

21. That in or about February of 2008, Defendant began calling Plaintiff's ex-fiancé, Lisa A. Piazza, in an attempt to collect on the subject debt.  Defendant informed Ms. Piazza that they were attempting to collect on the subject debt.

22. That beginning in or about May of 2008, and for several months thereafter, Defendant called Plaintiff by telephone multiple per week, often multiple times per day in an attempt to collect on the subject debt.

23. That Plaintiff stated to Defendant on multiple occasions that he wanted them to stop calling him because he could not afford to pay the debt, and that the calls were inconvenient to him. Despite these requests, Defendant continued to call Plaintiff. Defendant stated they would not stop the calls unless Plaintiff mailed them a letter requesting such calls to stop.

24. That Defendant left multiple messages on Plaintiff's telephone answering machine stating that the call was in reference to an important business matter and that it was very important Plaintiff return the call. In said messages Defendant would fail to identify themselves, that they were, and/or that they were attempting to collect a debt.

25. That in or about July of 2008, Defendant called Plaintiff's place of employment and, on multiple occasions, spoke with a co-worker of Plaintiff. During the calls, Defendant refused to identify themselves despite said co-workers request that they do so. When said co-worker refused to provide information requested by Defendant, said Defendant threatened said co-worker that they would go to the attorney general because she was not cooperating. The Defendant also asked for information not relating to location information for the Plaintiff.

26. That on or about September 23, 2008, Defendant called Plaintiff and spoke to him by telephone. During the conversation, Plaintiff informed Defendant that he could not afford to pay the subject debt in full as demanded by Defendant. Defendant continued to demand payment in full, and after a few minutes, Plaintiff requested the Defendant not call him anymore and found it necessary to hang up the telephone.

27. That approximately five minutes after the telephone call described in paragraph 18 herein, Defendant call Plaintiff again by telephone.

28. That all of the telephone calls described in this complaint were made to Plaintiff's cellular telephone.

29. That in approximately eighty percent of the telephone calls made by Defendant to Plaintiff, Defendant left an artificial and/or prerecorded voice message on Plaintiff's cellular telephone answering service.

30. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

31. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A.  Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) and 15 U.S.C. §1692c(b) by making the telephone calls described in paragraphs 21 and 25 of this complaint.

    B.  Defendant violated 15 U.S.C. §1692c(a)(1) for communicating with Plaintiff at a time which was know to be inconvenient to him.

    C.  Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    D.  Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692f by making the telephone calls to plaintiff's ex-fiancé and coworker as described in paragraphs 21 and 25 of this complaint.

    E.  Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(6), 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by placing telephone calls without meaningful disclosure of Defendant's identity and by failing to state such communication is from a debt collector.

33. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

34. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

35. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to the Plaintiff's cellular telephone using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

36. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused the Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

40. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

41. The Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling the Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

42. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling the Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c)  Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 27, 2009

<div style="margin-left: 50%;">

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com

</div>

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Dale Bates affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: January 27, 2009                                    /s/Dale Bates___
                                                           Dale Bates