UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DALE M. BATES,

         Plaintiff,

                  DECISION AND ORDER
   v.               09-CV-103A

I.C. SYSTEM, INC.,

         Defendant.

---

On January 29, 2009, plaintiff Dale Bates filed this action against defendant I.C. System, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

On April 30, 2009, defendant filed a motion to dismiss plaintiff's TCPA claim. Plaintiff opposed defendant's motion and on October 2, 2009, this Court heard oral argument on the motion. For the reasons stated, the motion is denied.

## **BACKGROUND**

In his complaint, plaintiff alleges that he incurred a credit card debt to Washington Mutual and that he later defaulted on this debt. Defendant was hired by Washington Mutual to collect on the debt. In an effort to do so, plaintiff alleges that defendant: (1) contacted his ex-fiancé and told her that plaintiff owed a debt; (2) called him by telephone several times per week, often multiple times per day; (3) left multiple

messages on plaintiff's telephone answering machine stating that the call was in reference to a business matter, but failing to identify that the defendant was seeking to collect on a debt; (4) contacted him at his place of employment and threatened to contact the attorney general if a co-worker refused to cooperate in putting plaintiff on the phone; (5) refused to heed plaintiff's demands to cease calling him; and (6) made multiple telephone calls to plaintiff's cellular telephone using an artificial or prerecorded message even after plaintiff asked the defendant to stop.

## **DISCUSSION**

In ruling on a motion to dismiss, this Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, a complaint must contain sufficient factual content to allow the district court "to draw the reasonable inference that the defendants are liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face").

Defendant moves for dismissal of plaintiff's TCPA claim asserting that plaintiff fails to state a claim for relief. Defendant asserts that the TCPA specifically exempts calls from parties with a prior existing business relationship, and that debt collection calls necessarily involve a prior existing business relationship.

The plaintiff responds, noting that the TCPA differentiates between calls made to cellular and residential lines. With regard to the latter, the defendant correctly notes that debt collection calls to a residential line are exempt from the TCPA. *See* 47 U.S.C. § 227b(1)(B). However, with regard to cellular telephone calls, the plaintiff correctly asserts that those calls are governed by 47 U.S.C. § 227b(1)(A)(iii), which provides:

> It shall be unlawful for any person . . . .to make any call . .. using any automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a . . . telephone cellular service. . . for which the party is charged for the call.

*See* 47 U.S.C. § 227b(1)(A)(iii).

Plaintiff's complaint alleges that the defendant made unauthorized telephone calls to plaintiff's cellular telephone using an artificial or prerecorded message. Plaintiff's complaint clearly states a cognizable cause of action under the TCPA.

In its replay, the defendant asserts that, pursuant to an FCC Declaratory Ruling of December 28, 2007 ("2007 FCC Ruling"), *see* 23 F.C.C.R. 559, autodialed and prerecorded messages made to wireless numbers provided by the called party in connection with a credit card application for the existing debt are permissible as having been made with "prior express consent" of the called party. The defendant is correct that the 2007 FCC Ruling clarified that autodialed and prerecorded telephone calls made to wireless numbers are permissible when made with the "prior express consent" of the called party, and that prior express consent can be evidenced by providing a creditor with one's cellular telephone number on a credit card application. The FCC emphasized, however, that:

prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.

*Id*. at 564-65. The FCC went on to note that the burden is on the creditor to demonstrate that prior express consent exists. *Id*.

The defendant's reply appears to infer that plaintiff provided such prior express consent in connection with his credit card application. If the defendant can establish that plaintiff did so and that no material issue of fact exists on that issue, defendant will likely succeed on a motion for summary judgment. However, this is a motion to dismiss, not a motion for summary judgment. In a motion to dismiss, all factual allegations in the complaint are presumed true. In ¶ 35 of the complaint, plaintiff alleges that the defendant called his cellular telephone using artificial and prerecorded messages "without having plaintiff's consent." Because the Court must presume that allegation to be true at this juncture, and because the complaint cites a cognizable cause of action under the TCPA, the defendant's motion to dismiss the plaintiff's second cause of action is denied.

## **CONCLUSION**

For the reasons stated, the defendant's motion to dismiss is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 19, 2009